UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
)
) Crim. No. 91-cr-560-3 (TFH)
vs. )
)
)
ARTUR TCHIBASSA, )
)
       Defendant. )
)

**Memorandum Opinion**

Pending before the Court are (i) Mr. Tchibassa's FRCP 60(b) Motion for Relief (the "Rule 60 Motion") from the Court's August 21, 2009 judgment denying his motion under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Habeas Motion") as expounded by a supplemental habeas brief filed on his behalf under the Inmate Legal Assistance Project (the "Supplemental Habeas Motion"); (ii) the Government's Motion to Transfer the Rule 60 Motion (the "Motion to Transfer"); (iii) Mr. Tchibassa's Motion to Strike the Government's Motion to Transfer (the "Motion to Strike"); and (iv) Mr. Tchibassa's Motion for a Certificate of Appealability of the Court's denial of his *habeas* motion (the "COA Motion"). After a careful review of the record of the case, the motions and the oppositions thereto, the Court will deny the COA Motion and the Motion to Strike, and grant the Motion to Transfer.

## I. Background

Mr. Tchibassa was indicted in 1991 for one count of hostage-taking and one count of conspiracy to commit hostage-taking related to events in his native Angola. Arrested in 2002 in the Democratic Republic of the Congo, he went to trial in September 2003, where a jury found him guilty of both counts in the indictment. The Court sentenced him to concurrent sentences of 60 months for the conspiracy and 293 months for the hostage-taking.

The D.C. Circuit affirmed Mr. Tchibassa's conviction on July 7, 2006. *See United States v. Tchibassa*, 452 F.3d 918 (D.C. Cir. 2006). Specifically, the circuit ruled that (1) this Court's treatment of the United States Sentencing Guidelines ("Guidelines") as mandatory when sentencing Tchibassa did not prejudice him; (2) the eleven-year delay between Mr. Tchibassa's indictment and arrest did not violate his right to a speedy trial; and (3) the alleged errors in this Court's admission of testimony from witness Piotr Dietrich and exclusion of proposed testimony from witness Martins Leitao were harmless and therefore not cognizable. *Id.* at 922–30.

Mr. Tchibassa filed his Habeas Motion on March 21, 2008. Students from the Indiana University Maurer School of Law further supplemented this motion with the eighteen-page Supplemental Habeas Motion on March 20, 2009. The Habeas Motion contained the following claim ("Ground Four"):

> *12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. ...*
>
> . . .
>
> *D. Ground four*: Movant's Sixth Amendment rights were violated by his sentencing under the mandatory guidelines scheme.

*Supporting FACTS (state briefly without citing cases or law):*

Intervening change in law would have let Movant present evidence to the judge of relevant sentencing factors such as, inter alia, Movant's health, family, responsibility, age, disparity, etc., per 18 U.S.C. § 3553A, potentially resulting in a lower sentence. Furthermore, the judge engaged in unconstitutional fact-finding under the mandatory guidelines scheme, violating Movant's right to trial by jury.

*13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reason for not presenting them:*

Ground 4 was presented below but new facts and argument listed are due to intervening change in law. Additionally, counsel was ineffective for failing to raise the fact-finding claim.

On August 21, 2009 the Court denied the Habeas Motion, finding that it largely rehashed the issues on appeal. In relevant part, the opinion denied the two claims that (1) "the Court's treatment of the Guidelines as mandatory must now be deemed a Sixth Amendment violation in light of subsequent Supreme Court decisions" and (2) "trial counsel have ineffective assistance by not objecting to treatment of the Guidelines as mandatory during sentencing." Mem. Op. at 2 (Aug, 21, 2009).

Mr. Tchibassa filed this Rule 60 Motion two months later on October 21, 2009. He claims that the Court misread the Habeas Motion to be re-arguing the constitutional claim he raised based on *United States v. Booker*, 543 U.S. 220 (2005) on appeal (*i.e.* that the Court's treatment of the Guidelines as mandatory prejudiced him), when he really meant to argue that the Court just failed to properly consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) (the "<u>3553 Factors</u>") and ineffective assistance of counsel related to that failure. The Government argues in its Motion to

Transfer that this 3553 Factor argument is a new *habeas* claim, and thus the court of appeals must certify the filing. Mr. Tchibassa filed his Motion to Strike the Motion to Transfer on October 7, 2010.

**II. Analysis**

   **a. The Rule 60 Motion**

The main holding in *Booker*—i.e. that courts must treat the Guidelines as advisory rather than mandatory—rested on constitutional, Sixth Amendment grounds. In contrast, "[a] district court's failure to consider [3553 Factors] . . . is a species of . . . non-constitutional (statutory) *[Booker]* error." *United States v. Simpson*, 430 F.3d 1177, 1183 (D.C. Cir. 2005). "[J]udges have been required to consider [3553 Factors] in determining the particular sentence to be imposed . . . since the enactment of the Sentencing Reform Act of 1984." *Id.* at 1186 (internal quotations and citations omitted).

The premise of Mr. Tchibassa's argument is that he understood the difference between these two types of *Booker* error upon filing his Habeas Motion. Mr. Tchibassa also admits that his "inartful" *pro se* drafting led the Court to believe that he was arguing the constitutional *Booker* issue. However, he asks the Court to give him the benefit of the doubt in light of the rule that courts should construe *pro se* motions liberally. *See Second Amendment Found. v. U.S. Conference of Mayors*, 274 F. 3d 521, 523 (D.C. Cir. 2001). The Court, however, finds that Mr. Tchibassa's Habeas Motion and Supplemental Habeas Motion clearly argued the constitutional *Booker* issue.

- 4 -

Mr Tchibassa mentioned the 3553 Factors in three places that approach a statement of the claim he now tries to assert. The first instance is at page 3 of the Supplemental Habeas Motion listing as a *single* ground for relief:

> D. That Tchibassa's Sixth Amendment Rights were further violated by his sentencing under the mandatory guidelines scheme; by the Court's failure to consider relevant sentencing factors under 18 U.S.C. § 3553(a); and by unconstitutional judicial fact-finding.

("<u>Ground D</u>"). The second instance appears in the Supplemental Habeas Motion, at page 9:

> There is little in the transcript of the sentencing proceedings documenting that the Court considered the full range of § 3553(a) sentencing factors, and arrived at an independent estimate of reasonableness using those factors, in deciding what was an appropriate sentence for Tchibassa."

The third instance appears in the Supplemental Habeas Motion, at page 11:

> The failure by sentencing judge [*sic*] to consider the § 3553 factors is a "significant procedural error." *Gall*, 128 S. Ct. 586 (although it does not necessarily constitute the '*Booker* error' of treating the Guidelines as mandatory. . . . Where a trial court denies a defendant's request to introduce mitigating evidence, that casts doubt on whether the sentencing court understood its obligation to consider § 3553 factors . . . . *United States v. Ayers*, 428 F.3d 312, 314-15 (D.C. Cir. 205)). Ordinarily, it is presumed that [the] district court took into account all the factors, [but] in *Ayers* . . . that presumption was rebutted by [the] court's unexplained denial of [a] request to enter additional mitigating evidence, warranting remand."

It bears noting that because the Guidelines are one of the 3553 Factors, if a court commits the constitutional *Booker* error it naturally suggests that the court may havefailed to grant the other 3553 Factors their due relative weight in a given case. Thus, courts must expect certain remarks regarding the relative weight of 3553 Factors in the context of even a constitutional *Booker* argument. The Court considers the three above instances as examples of this. They are either couched in constitutional *Booker*-error terms, do not clearly state a procedural § 3553 claim, and/or in light of the rest of the Habeas Motion and Supplemental Habeas Motion are much better construed as color on the importance on the 3553 Factor framework in general.

Indeed, Mr. Tchibassa stated in Ground Four that his "*Sixth Amendment* rights were violated by his sentencing under the *mandatory* guidelines scheme." (emphasis added). The Habeas Motion further admitted that Ground Four was presented on appeal. The Supplemental Habeas Motion asserts "Tchibassa raised this *Booker* issue on direct appeal." *Id.* at 5; *see also id.* at 12 ("appellate counsel did raise the *Booker* issue on direct appeal") (emphasis in original). The Supplemental Habeas Motion further asserts that Ground D is based on "the mandatory sentencing guidelines, and ineffective assistance as it related to those guidelines". *Id.* at 4. Further, the Supplemental Habeas Motion characterizes Ground Four as based on the treatment of the Guidelines as mandatory. *Id.* at 5. Moreover, the Supplemental Habeas Motion provides lengthy argument for why the court should entertain the *Booker* claim even though it was rejected on direct appeal—*i.e.* intervening changes in law. *Id* at 5-6. Such arguments are nonsensical unless Mr. Tchibassa was arguing a constitutional *Booker* claim.

It is true that *pro se* motions deserve liberal construction. *Second Amendment Found.*, 274 F. 3d at 523. But Mr. Tchibassa's present arguments contradict his prior *habeas* motions in letter and spirit. Moreover, it is important to consider that Mr. Tchibassa does not argue that he raised *both* the constitutional and non-constitutional *Booker* errors in his *habeas* motions. In light of the statements above—and many others in the *habeas* motions—it is simply implausible that Mr. Tchibassa was trying to raise a pure 3553 Factor argument.

"Regardless of how a *pro se* prisoner styles his motion, a court must review the motion based on its substance." *United States v. Akers*, 519 F. Supp. 2d 94, 95 (D.D.C. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (holding that a court should treat a Rule 60(b) motion that presents omitted claims of constitutional error as a successive habeas petition under 28 U.S.C. § 2254)). "Generally, a motion pursuant to Rule 60(b) seeks a remedy for some defect in the collateral review

process. By contrast, an attack on a prisoner's conviction or sentence is tantamount to a § 2255 motion." *Id.* at 95–96 (internal citations omitted). Substantively, Mr. Tchibassa's Rule 60 Motion is an attack on his sentencing. It is therefore a successive *habeas* motion under 28 U.S.C. § 2255. "A second or successive motion must be certified as provided in section 2244 [28 USCS § 2244] by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Until such certification occurrs the Court lacks jurisdiction over Mr. Tchibassa's motion. *See, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 29 (D.D.C. 2009). Thus, the Rule 60 Motion must be transferred to the D.C. Circuit to determine whether it will be allowed.

### III. The COA Motion

Mr. Tchibassa appealed the Court's denial of his *habeas* motion on October 26, 2010. The Court of Appeals held the appeal in abeyance until the District Court rules on the issue of a COA. For all the reasons stated in the Court's thorough Memorandum Opinion denying the *habeas* motion, the COA should be denied.

For a COA to issue Mr. Tchibassa must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard demands that he "demonstrate[d] that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis in original)). Mr. Tchibassa has not met this burden.

The Court readily dismissed Mr. Tchibassa's four claims for relief raised in his *habeas* motions in its August 21, 2009 Memorandum Opinion, finding each completely meritless. Indeed, the claims "largely rehashe[d]" his claims already rejected in his direct appeal. Mem. Op. at 2 (Aug.

21, 2009). Thus, Mr. Tchibassa's claims are neither "debatable among jurists of reason" nor deserving of "encouragement to proceed further." *Mitchell*, 216 F.3d at 1130.

## IV. Conclusion

For reasons state above, the Court will grant the Motion to Transfer, deny Mr. Tchibassa's Motion to Strike, and deny a COA regarding Mr. Tchibassa's appeal of the August 21, 2009 denial of his *habeas* motion.

An appropriate order will accompany this memorandum.

**SO ORDERED.**

January 27, 2011

Thomas F. Hogan
UNITED STATES DISTRICT JUDGE

COPIES TO:

**ARTUR TCHIBASSA**
Reg. No. 25340-069
TERRE HAUTE
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808